# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC., )<br><br>*Plaintiffs,* )<br><br>v. )<br><br>ATZILOOSE L.L.C. and BOMBINO EXPRESS PVT. LTD., )<br><br>*Defendants.* ) | Civil Action No.: 3:17-cv-00240<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

Plaintiffs Luv 'n care, Ltd. (LNC) and Admar International, Inc. (Admar), charge Defendants Atziloose L.L.C. (Atziloose) and Bombino Express Pvt. Ltd. (Bombino) with trademark infringement and unfair competition pursuant to (i) 15 U.S.C. §§ 1114; (ii) 15 U.S.C. §§ 1125; (iii) La. R.S. §§ 51:211, et seq.; and (iv) La. R.S. §§ 51:1401, et seq., and seek an injunction, damages, treble damages, costs and attorneys' fees.

### THE PARTIES

1. Plaintiff LNC is a corporation organized and existing under the laws of the State of Louisiana having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

2. Plaintiff Admar is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201and is an affiliate of Plaintiff LNC.

3.      Defendant Atziloose is a limited liability company organized and existing under the laws of the State of New York having a principal place of business at 78 Glenhill Drive, Rochester, New York 14618.  Upon information and belief, Defendant Atziloose is the owner of the web site having the domain name www.atziloose.com through which it conducts business over the internet throughout the United States and in the State of Louisiana and this Judicial District.

4.      Defendant Bombino is a limited liability company organized and existing under the laws of the State of New York having a principal place of business at 177-15 149th Road, Jamaica, New York 11434.  Upon information and belief, Defendant Bombino is the owner of the web site having the domain name www.bombioexp.com through which it conducts business over the internet throughout the United States and in the State of Louisiana and this Judicial District.

<u>**NATURE OF THE ACTION, JURISDICTION AND VENUE**</u>

5.      This is a civil action for trademark infringement and unfair competition pursuant to Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); and La. R.S. §§ 51:211, et seq., and La. R.S. §§ 51:1401 et seq.  This action involves acts of trademark infringement and unfair competition committed by Defendants in the promotion, advertising, marketing, distribution, offer for sale and sale, over the internet through their web sites and also through their web stores on Amazon.com's website, of infringing feeding spoons that are virtual or exact knock-off copies of Plaintiff LNC's well-known and popular SQUEEZE FEEDER feeding spoon. Plaintiffs seek damages, injunctive relief, enhanced damages, reasonable attorneys' fees, costs and expenses.

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Trademark Laws of the United

States and the assertion of the unfair competition claims are joined with a substantial and related claim under the Trademark Laws of the United States.

7.      This Court has personal jurisdiction over the Defendants because (1) Plaintiffs' claims arise in whole or in part out of Defendants' purposeful and intentional conduct in Louisiana and this Judicial District, (ii) Defendants advertise, promote, market, distribute, offer for sale and sell products to residents of Louisiana and are therefore doing business in the State of Louisiana including this Judicial District, (iii) Defendants have sent infringing products to consumers, customers and purchasers in the State of Louisiana, (iv) Defendants' infringing activities and  acts of unfair competition giving rise to this action are occurring in the State of Louisiana, (v) Consumers and Defendants' customers and potential purchasers reside in the State of Louisiana and this Judicial District, (vi) Defendants advertise, promote, market, distribute, offer for sale and sell products that are injected into the stream of commerce with the intent and expectation that those products will be purchased by consumers, customers and potential purchasers in Louisiana and this Judicial District and (vii) Defendants benefit financially from the Louisiana market by selling infringing products that are ultimately delivered in Louisiana and this Judicial District. Defendants are subject to personal jurisdiction under the provisions of the Louisiana Long Arm Statute, La. R.S. § 13:3204, by virtue of the fact that Defendants have availed themselves of the privilege of conducting and soliciting business within this State, including engaging in the infringing and unfair acts alleged herein through the promotion, advertising, marketing, distribution, offering for sale and sale of infringing products in this State.  The allegations and claims set forth in this action arise out of Defendants' acts of infringement and unfair competition throughout this State and in this Judicial District, such that it would be reasonable for this Court

to exercise personal jurisdiction consistent with the principles underlying the United States Constitution and would not offend traditional notions of fair play and substantial justice.

8.      Upon further information and belief, Defendants have also established minimum contacts with this Judicial District and regularly transact and do business within this Judicial District, including promoting, advertising, marketing, distributing, offering for sale and selling products over the internet, through intermediaries, representatives and agents, such as Amazon.com, Inc. and Amazon.com, LLC, who conduct extensive business within this State and Judicial District, including acts that infringe Plaintiffs' trademarks and constitute unfair competition, such as  promoting, advertising, marketing, distributing, offering for sale and selling products, then packaging those products and shipping them directly to consumers, customers and purchasers residing within this State and this Judicial District.  Defendants have purposefully directed activities at citizens of this State and located within this Judicial District.

9.      Venue in the Western District of Louisiana is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred, and a substantial part of the property that is the subject of the action is situated, in the State of Louisiana and this Judicial District and the Court has personal jurisdiction over these Defendants.

**STATEMENT OF FACTS**

10.     Plaintiff LNC was founded in Monroe, Louisiana by Eddie Hakim who, in the 1980's, invented and commercialized a revolutionary no-spill cup.  Both before and since that time, LNC has continued in business as a designer and seller of innovative, high quality and attractive products for babies and young children. Based on its innovative, high quality and attractive designs, LNC is now known as one of the leading baby product companies in the world.

LNC's headquarters are in Monroe, Louisiana, where it conducts most of its business, maintains its corporate books and records, and where most of its employees, officers and directors are located.

11.     Plaintiff LNC enjoys a superior reputation with consumers in the State of Louisiana, throughout the United States and internationally, for innovative, high quality and attractive product designs.  Plaintiff LNC's products are among the most popular and well known products in the baby products industry and those products are famous in Louisiana, throughout the United States and worldwide.

12.     Plaintiff LNC's products are purchased and sold in Louisiana by independent retailers under various Louisiana and United States registered trademarks including the mark NUBY.  The NUBY mark is a famous mark and is registered with the Louisiana Secretary of State and the United States Patent and Trademark Office and is entitled to the full benefits of La. R.S. §§ 51:211 et seq., and 15 U.S.C. §§ 1051 et seq.  Plaintiffs are the owners of the NUBY mark. The NUBY mark is a distinctive symbol, which serves as a trademark for Plaintiff LNC's products promoted and sold in the State of Louisiana and throughout the United States.  The appearance of Plaintiff LNC's products, product designs, packaging and the NUBY mark are distinctive symbols, which serve as trademarks for Plaintiff LNC's products in Louisiana, the United States and throughout the world.  Plaintiff LNC uses the NUBY mark on a wide variety of baby and children's products sold in Louisiana and throughout the United States including feeding spoons.  Plaintiff LNC's long term, continuous and extensive use of the NUBY mark on innovative, high quality and attractive products, including feeding spoons, has generated substantial good will for Plaintiffs associated with the NUBY mark.  Plaintiffs' NUBY mark acquired secondary meaning and

became famous in the United States including the State of Louisiana long before the acts of Defendants complained of herein.

13.     As a result of Plaintiff LNC's innovative and attractive designs, together with an uncompromising commitment to high quality, extensive promotional activities by Plaintiffs and others, together with their widespread and substantial sales, Plaintiff LNC's products, packaging and the NUBY mark have all become widely known throughout Louisiana, the United States and worldwide, and have become directly associated with Plaintiff LNC as a source of innovative, attractive and high quality products.

14.     One of Plaintiff LNC's products that embodies its dedication to creating innovative, high quality and attractive product designs is a feeding spoon marketed under the brand SQUEEZE FEEDER.  Plaintiff LNC's SQUEEZE FEEDER feeding spoon is a soft silicone bottle for holding a desired amount of baby food or cereal and adapted so that by squeezing the bottle a desired amount of baby food can pass through a hole in the spoon's neck and onto the bowl of the spoon. Plaintiff LNC's SQUEEZE FEEDER feeding spoon is safe and with its protective cover it keeps the baby food fresh and prevents leaking making for a convenient product that is ideal for travel. The trademark SQUEEZE FEEDER is registered with the Louisiana Secretary of State and is entitled to the full benefits of La. R.S. §§ 51:211 et seq.  Plaintiffs are the owners of the SQUEEZE FEEDER trademark.  The SQUEEZE FEEDER mark is a distinctive symbol, which serves as a trademark for Plaintiff LNC's products promoted and sold in the State of Louisiana and throughout the United States.  Plaintiff LNC uses the SQUEEZE FEEDER trademark on feeding spoon products sold in Louisiana and throughout the United States including within this Judicial District. Plaintiff LNC's long term, continuous and extensive use of the SQUEEZE FEEDER trademark on innovative, high quality and attractive feeding spoons, has generated substantial good will for

6

Plaintiff LNC associated with the SQUEEZE FEEDER trademark.  Plaintiffs' SQUEEZE FEEDER trademark acquired secondary meaning and became famous in the United States including the State of Louisiana long before the acts of Defendants complained of herein.

15.    Plaintiff LNC's feeding spoon employs a distinctive, unique and non-functional SQUEEZE FEEDER PRODUCT DESIGN LOGO that serves as a trademark indicating Plaintiff LNC as the sole source.  Based on Plaintiff LNC's feeding spoon's innovative, high quality and attractive product design it has achieved substantial success, good will and secondary meaning.  Since its introduction in 2009, Plaintiff LNC has sold more than a quarter of a million feeding spoons bearing the NUBY, SQUEEZE FEEDER and SQUEEZE FEEDER PRODUCT DESIGN LOGO trademarks.  Plaintiff LNC and those associated with Plaintiff LNC have invested substantial time and resources in promoting feeding spoon products with the NUBY, SQUEEZE FEEDER and SQUEEZE FEEDER PRODUCT DESIGN LOGO trademarks and especially its unique and distinctive product design by featuring the SQUEEZE FEEDER PRODUCT DESIGN LOGO in all advertisement and promotional materials supporting the product.  Plaintiff LNC's unique and distinctive SQUEEZE FEEDER PRODUCT DESIGN LOGO serves as a trademark identifying Plaintiff LNC as the sole source of the product.  Plaintiff LNC's unique and distinctive SQUEEZE FEEDER PRODUCT DESIGN LOGO is not functional and has come to be associated in the minds of the consuming public as a product originating from Plaintiff LNC.  Plaintiff LNC's unique and distinctive SQUEEZE FEEDER PRODUCT DESIGN LOGO is registered as a trademark with the Louisiana Secretary of State and is entitled to the full benefits of La. R.S. §§ 51:211 et seq.

16.    Legitimate competitors offer competing feeding spoons that do not copy Plaintiff LNC's unique and distinctive SQUEEZE FEEDER PRODUCT DESIGN LOGO.  The presence

of legitimate competing product designs is recognition by the industry that Plaintiff LNC's SQUEEZE FEEDER PRODUCT DESIGN LOGO is unique, distinctive and serves as a trademark of Plaintiff LNC.  The presence of legitimate competing product designs also demonstrates that Plaintiff LNC's SQUEEZE FEEDER PRODUCT DESIGN LOGO is not functional as legitimate competitors can achieve utilitarian functions without using Plaintiff LNC's unique and distinctive design features.  Plaintiffs' SQUEEZE FEEDER PRODUCT DESIGN LOGO trademark acquired secondary meaning and became famous in the United States including the State of Louisiana long before the acts of Defendants complained of herein.

17.     Defendants Atziloose and Bombino purport to be New York domestic limited liability companies.

18.     Defendants have engaged in activities intentionally directed at consumers, potential customers and purchasers who are residents of Louisiana in a willful, unlawful, and unfair campaign using without authorization or consent Plaintiffs' NUBY and SQUEEZE FEEDER trademarks and an imitation of Plaintiffs' registered unique and distinctive SQUEEZE FEEDER PRODUCT DESIGN LOGO in connection with using, promoting, advertising, marketing, distributing, offering for sale and selling feeding spoon products.  Defendants' feeding spoons are knock-off copies of Plaintiffs' SQUEEZE FEEDER feeding spoon.  Defendants' activities, intentionally directed at consumers, customers and potential purchasers who are residents of Louisiana, include using, promoting, advertising, marketing, distributing, offering for sale and selling products employing Plaintiffs' NUBY and SQUEEZE FEEDER trademarks and using, promoting, advertising, marketing, distributing, offering for sale and selling feeding spoons copying Plaintiffs' registered unique and distinctive SQUEEZE FEEDER PRODUCT DESIGN LOGO that are likely to cause confusion or mistake or to deceive consumers, customers and

potential purchasers, including those who are residents of Louisiana, as to the source or origin of such goods.

19.     Defendants promote, advertise, market, distribute, offer for sale and sell in Louisiana their feeding spoons that are knock-off copies of Plaintiff LNC's registered unique and distinctive SQUEEZE FEEDER PRODUCT DESIGN LOGO in such a way that it is likely to cause consumer confusion and mistake.  It is likely that a consumer, customer or potential purchaser offered or shown Defendants' feeding spoons will believe that he or she is being offered or shown a feeding spoon originating from Plaintiff LNC.  Defendants embed copies of Plaintiffs' registered NUBY and SQUEEZE FEEDER trademarks in the computer metadata used to attract consumers, customers and potential purchasers to their web stores on Amazon.com.  Consumers, customers and potential purchasers who search the web or Amazon.com for Plaintiff LNC's NUBY brand SQUEEZE FEEDER feeding spoon are provided search results that also display Defendants' knock-off feeding spoon copies.  Defendants, without authorization or permission from Plaintiffs, use Plaintiffs' registered NUBY and SQUEEZE FEEDER trademarks in Defendants' metadata in an unlawful, infringing and unfair scheme to attract consumers, customers and potential purchasers to Defendants' knock-off products and away from Plaintiff LNC's products.

20.     Defendants intentionally direct their activities at residents of the United States including the residents of Louisiana and this Judicial District in a scheme to offer for sale their knock-off copies of Plaintiff LNC's unique and distinctive SQUEEZE FEEDER PRODUCT DESIGN LOGO on internet store fronts such as Amazon.com and unlawfully and unfairly use Plaintiffs' registered trademarks in such a way that a consumer, customer and potential purchaser seeking to purchase a feeding spoon will be offered both Plaintiff LNC's and Defendants' products

on the same computer, tablet or smart phone screen.  While Plaintiff LNC's SQUEEZE FEEDER feeding spoon is displayed with Plaintiffs' trademarks prominently shown, Defendants do not display their feeding spoons with any trademark or other indicia of origin, prominent or otherwise. A consumer, customer or potential purchaser including those residing in Louisiana and this Judicial District seeing Plaintiff LNC's SQUEEZE FEEDER feeding spoon and Defendants' knock-off copy products offered for sale in close proximity will likely be confused into believing that Defendants' knock-off copy products originate or are in some way associated with Plaintiffs. Plaintiffs, consumers, customers and potential purchasers including those resident in Louisiana will all be harmed when Defendants' knock-off copy products are purchased in the belief that they are Plaintiff LNC's SQUEEZE FEEDER feeding spoon.  Plaintiffs are also being harmed and damaged by having to sell LNC's SQUEEZE FEEDER feeding spoon at lower prices than they would have to but for Defendants' infringing activities and unfair actions.  Plaintiffs also loose convoyed sales of other products when Defendants wrongfully divert sales from Plaintiffs to Defendants.  Plaintiffs are also damaged to the extent they incur higher costs, such as additional advertising, promotional and marketing expenses, to combat reputational injuries to Plaintiffs directly due to Defendants' wrongful and unlawful infringing activities and unfair actions.

21.   Defendants' knock-off copy products are inferior to and lack the quality of Plaintiff LNC's SQUEEZE FEEDER feeding spoon.  The consumer, customer or purchaser who purchases the Defendants' inferior and poor quality knock-off copy products believing them to be Plaintiff LNC's innovative, high-quality and attractive product will be harmed.  To the extent a consumer, customer or potential purchaser who purchases the Defendants' inferior and poor quality knock-off copy products believing them to be Plaintiff LNC's SQUEEZE FEEDER feeding spoon, is likely to look dis-favorably on Plaintiff LNC damaging Plaintiff LNC's reputation.  Plaintiffs will

also be damaged by losing sales rightfully belonging to Plaintiff LNC that will be unlawfully diverted from Plaintiff LNC to Defendants.

22.    Plaintiffs and Defendants are generally competitors in the field of child and baby products and specifically competitors in the market for feeding spoons.

23.    Defendants' activities directed at consumers, customers and potential purchasers including those who are residents in the State of Louisiana as described hereinabove constitute trademark infringement, unfair methods of competition and unfair and deceptive acts and practices in the conduct of trade and commerce.

24.    Defendants' acts of trademark infringement and unfair competition were and are willful and Defendants have profited and will continue to profit from their improper and unlawful activities unless enjoined by this Court.

25.    Plaintiffs have and will continue to suffer substantial damages as a result of the Defendants' bad faith activities and therefore Plaintiffs seek judgment against Defendants in an amount commensurate with their losses plus reasonable attorneys' fees, and for legal interest from the date of judicial demand until paid and for all costs of these proceedings.

26.    Defendants are domiciled in the State of New York and must be served under the provisions of the Louisiana Long Arm Statute.

### CLAIM I – FEDERAL TRADEMARK INFRINGEMENT
### (LANHAM ACT VIOLATION – 15 U.S.C. § 1114)

27.    Plaintiffs incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

28.    Plaintiffs are the original creators, designers, users and owners of Registration No. 2,335,700 for the mark NUBY that was duly and lawfully issued by the United States Patent and Trademark Office.  The NUBY trademark registration is valid and subsisting.  Pursuant to 15

U.S.C. § 1065, the NUBY trademark registration has been deemed incontestable.  Plaintiffs'
NUBY mark is solely associated with Plaintiffs and represents substantial good will.  The NUBY
mark and registration are valuable assets of Plaintiffs.

29.     Defendants promote, advertise, market, distribute, offer for sale and sell competing
feeding spoons that are knock-off copies of Plaintiff LNC's feeding spoon.  The ordinary
consumer, customer and potential purchaser cannot distinguish between Plaintiff LNC's feeding
spoon and Defendants' knock-off copies.  The quality of Defendants' knock-off copy feeding
spoons is inferior to the quality of Plaintiff LNC's feeding spoon.

30.     Defendants, without authorization or consent from Plaintiffs, unlawfully use
Plaintiffs' registered NUBY mark in connection with the advertising, promotion, marketing,
distribution, offering for sale and sale of Defendants' knock-off copy feeding spoons.  Defendants
embed the NUBY mark in the computer metadata of their Amazon.com web stores.  The computer
metadata serves as advertising, promotion, marketing, distribution and offers for sale for
Defendants by attracting consumers, customers and potential purchasers to their web stores and
the products they offer there including knock-off feeding spoons.  Consumers, customers and
potential purchasers searching on the internet or on Amazon.com for NUBY products including
feeding spoons are displayed search results that include Defendants' knock-off feeding spoons.
Defendants' knock-off feeding spoons are advertised, promoted, marketed, displayed, offered for
sale and sold without any trademark or other indicia of origin.  Consumers, customers and potential
purchasers viewing the displayed results that include Plaintiff LNC's feeding spoons in close
proximity with Defendants' knock-off feeding spoons without any indicia of origin are likely to
be confused into believing that Defendants' knock-off feeding spoons are in some way associated
with the NUBY mark and originate or are endorsed by Plaintiffs.  Defendants' unauthorized use

of the NUBY mark will likely cause confusion among consumers, customers and potential purchasers of feeding spoons as to the true source and origin of Defendants' feeding spoons, and will deceive consumers, customers and potential purchasers into the mistaken belief that when they buy Defendants' knock-off feeding spoons they are buying Plaintiff LNC's NUBY feeding spoon.

31.     As a result of Defendants' intentional conduct, Plaintiffs' valuable NUBY trademark has been and is being infringed to Plaintiffs' substantial harm and detriment.  Plaintiffs have lost customers, profits and goodwill.  Plaintiffs' reputation has been tarnished, diminished and its NUBY trademark diluted by Defendants' unlawful conduct.  Unless Defendants are restrained from using the NUBY trademark, Plaintiffs will continue to suffer injury.

32.     As a direct consequence of Defendants' unlawful acts and practices, Plaintiffs have suffered, will continue to suffer, and are likely to suffer lost sales and profits and injury to their business reputation and goodwill, for which Plaintiffs are entitled to the recovery of damages including enhanced damages.

33.     Defendants' actions demonstrate and are consistent with an intentional, willful, malicious, and bad faith intent to trade on the goodwill associated with the NUBY trademark to the significant detriment and damage to Plaintiffs.

34.     Unless enjoined, Plaintiffs will continue to suffer and are likely to continue to suffer damages including injury to their business reputation and goodwill which damage is irreparable and cannot be adequately compensated by money damages alone entitling Plaintiffs to entry of preliminary and permanent injunctive relief.

35.     Plaintiffs are entitled to their costs, including reasonable attorneys' fees.

<u>COUNT II – FEDERAL UNFAIR COMPETITION</u>
<u>(LANHAM ACT VIOLATION – 15 U.S.C. § 1125)</u>

36.     Plaintiffs incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

37.     Plaintiffs are the original creators, designers, users and owners of the mark SQUEEZE FEEDER widely used by Plaintiffs throughout the United States to identify the feeding spoons originating from Plaintiffs.  Plaintiffs acquired their rights in the SQUEEZE FEEDER mark prior to the acts of Defendants complained of herein.  The SQUEEZE FEEDER mark exclusively identifies Plaintiff LNC's feeding spoon and is solely associated with Plaintiffs and represents substantial good will of Plaintiffs.  Plaintiffs have used throughout the United States, Louisiana and within this Judicial District the SQUEEZE FEEDER mark continuously since 2009 and have sold substantial quantities of feeding spoons using the SQUEEZE FEEDER mark.  Plaintiffs and others working in association with Plaintiffs have engaged in substantial promotional and advertising activities featuring the SQUEEZE FEEDER mark.  As a result of these promotional and advertising activities together with the substantial sales of feeding spoons bearing the SQUEEZE FEEDER mark, the SQUEEZE FEEDER mark has acquired secondary meaning in the marketplace as consumers, customers and potential purchasers have come to recognize the SQUEEZE FEEDER mark as a well-known indicator of high quality feeding spoons sold by a single source, Plaintiffs.

38.     Defendants promote, advertise, market, distribute, offer for sale and sell competing feeding spoons that are knock-off copies of Plaintiff LNC's feeding spoon.  The ordinary consumer, customer and potential purchaser cannot distinguish between Plaintiff LNC's feeding spoon and Defendants' knock-off copy feeding spoons.  The quality of Defendants' knock-off copies is inferior to the quality of Plaintiff LNC's feeding spoon.

14

39.     Defendants, without authorization or consent from Plaintiffs, unlawfully use Plaintiffs' SQUEEZE FEEDER mark in connection with the promotion, advertising, marketing, distribution, offering for sale and sale of Defendants' knock-off copy feeding spoons.  Defendants embed the SQUEEZE FEEDER mark in the computer metadata of their Amazon.com web stores. The computer metadata serves as advertising and promotion for Defendants by attracting consumers, customers and potential purchasers to their web stores and the products they offer there including knock-off feeding spoons.  Consumers, customer and potential purchasers searching on the internet or on Amazon.com for Plaintiff LNC's SQUEEZE FEEDER feeding spoons are displayed search results that include Defendants' knock-off feeding spoons.  Defendants' knock-off feeding spoons are promoted, advertised, marketed, displayed, offered for sale and sold without any trademark or other indicia of origin.  Consumers, customers and potential purchasers viewing the displayed results that include Plaintiff LNC's feeding spoon in close proximity with Defendants' knock-off feeding spoons having no indicia of origin are likely to be confused into believing that Defendants' knock-off feeding spoons are in some way associated with Plaintiffs and originate or are endorsed by Plaintiffs.  Defendants' unauthorized use of the SQUEEZE FEEDER mark will likely cause confusion among consumers, customers and potential purchasers of feeding spoons as to the true source and origin of Defendants' feeding spoons, and will deceive consumers, customers, and potential purchasers into the mistaken belief that when they buy Defendants' knock-off feeding spoons they are buying Plaintiff LNC's feeding spoons.

40.     As a result of Defendants' intentional conduct, Plaintiffs' valuable SQUEEZE FEEDER trademark has been and is being infringed to Plaintiffs' substantial harm and detriment. Plaintiffs have lost customers, profits and goodwill.  Plaintiffs' reputation has been tarnished and its SQUEEZE FEEDER trademark diluted by Defendants' unlawful conduct.  Unless Defendants

are restrained from using the SQUEEZE FEEDER trademark, Plaintiffs will continue to suffer injury.

41.     Plaintiffs are the original creators, designers, users and owners of a non-functional SQUEEZE FEEDER PRODUCT DESIGN LOGO widely used by Plaintiffs throughout the United States to identify the feeding spoons originating from Plaintiff LNC.  Plaintiffs acquired their rights in the SQUEEZE FEEDER PRODUCT DESIGN LOGO prior to the acts of Defendants complained of herein.  The SQUEEZE FEEDER PRODUCT DESIGN LOGO exclusively identifies Plaintiff LNC's feeding spoon and is solely associated with Plaintiffs and represents substantial good will associated with Plaintiffs.  Plaintiffs have used the SQUEEZE FEEDER PRODUCT DESIGN LOGO since 2009 and have sold substantial quantities of feeding spoons using the SQUEEZE FEEDER PRODUCT DESIGN LOGO.  Plaintiffs and others working in association with Plaintiffs have engaged in substantial promotional and advertising activities featuring the SQUEEZE FEEDER PRODUCT DESIGN LOGO.  As a result of these promotional and advertising activities together with the substantial sales of feeding spoons including the SQUEEZE FEEDER PRODUCT DESIGN LOGO, Plaintiffs' SQUEEZE FEEDER PRODUCT DESIGN LOGO has acquired secondary meaning in the marketplace as consumers, customers and potential purchasers have come to recognize the SQUEEZE FEEDER PRODUCT DESIGN LOGO as a well-known indicator of high quality feeding spoons sold by a single source, Plaintiffs.

42.     Defendants offer for sale and sell competing feeding spoons that are knock-off copies of Plaintiff LNC's feeding spoon adopting entirely Plaintiffs' SQUEEZE FEEDER PRODUCT DESIGN LOGO.  The ordinary consumer, customer and potential purchaser cannot distinguish between Plaintiff LNC's feeding spoon and Defendants' knock-off copies.  The quality of Defendants' knock-off copies is inferior to the quality of Plaintiff LNC's feeding spoon.

43.     Defendants, without authorization or consent from Plaintiffs, unlawfully use Plaintiffs' SQUEEZE FEEDER PRODUCT DESIGN LOGO in connection with the promotion, advertising, marketing, distribution, offering for sale and sale of Defendants' knock-off copy feeding spoons.  Defendants use Plaintiffs' SQUEEZE FEEDER PRODUCT DESIGN LOGO in the promoting, advertising, marketing, distributing, offering for sale and sale of Defendants' knock-off feeding spoons on their Amazon.com web stores.  Defendants unlawfully and unfairly attract consumers, customers and potential purchasers to their web stores and the products they offer there including knock-off feeding spoons using Plaintiffs' SQUEEZE FEEDER PRODUCT DESIGN LOGO.  Consumers searching on the internet or on Amazon.com for Plaintiff LNC's feeding spoons bearing Plaintiffs' SQUEEZE FEEDER PRODUCT DESIGN LOGO are displayed search results that include Defendants' knock-off feeding spoons.  Defendants' knock-off feeding spoons are promoted, advertised, marketed, distributed, displayed, offered for sale and sold without any trademark or other indicia of origin.  Consumers, customers and potential purchasers viewing the displayed results that include Plaintiff LNC's feeding spoon in close proximity with Defendants' knock-off feeding spoons having no indicia of origin are likely to be confused into believing that Defendants' knock-off feeding spoons are in some way associated with Plaintiffs and originate or are endorsed by Plaintiffs.  Defendants' unauthorized use of the SQUEEZE FEEDER PRODUCT DESIGN LOGO will likely cause confusion among consumers, customers and purchasers of feeding spoons as to the true source and origin of Defendants' feeding spoons, and will deceive consumers, customers and purchasers into the mistaken belief that when they buy Defendants' knock-off feeding spoons they are buying Plaintiff LNC's feeding spoons.

44.     As a result of Defendants' intentional conduct, Plaintiffs' valuable SQUEEZE FEEDER PRODUCT DESIGN LOGO has been and is being infringed to Plaintiffs' substantial

harm and detriment.  Plaintiffs have lost customers, profits and goodwill.  Plaintiffs' reputation has been tarnished and their SQUEEZE FEEDER PRODUCT DESIGN LOGO diluted by Defendants' unlawful conduct.  Unless Defendants are restrained from using Plaintiffs' SQUEEZE FEEDER PRODUCT DESIGN LOGO, Plaintiffs will continue to suffer injury.

**CLAIM III – LOUISIANA TRADEMARK INFRINGEMENT**
**(LA. R.S. § 51:222)**

45.     Plaintiffs incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

46.     Plaintiffs are the original creators, designers, users and owners of Louisiana Trademark Registrations for the marks NUBY, SQUEEZE FEEDER and SQUEEZE FEEDER PRODUCT DESIGN LOGO that were duly and lawfully issued by the Louisiana Secretary of State.  The NUBY, SQUEEZE FEEDER and SQUEEZE FEEDER PRODUCT DESIGN LOGO trademark registrations are valid and subsisting.  Plaintiffs' NUBY, SQUEEZE FEEDER and SQUEEZE FEEDER PRODUCT DESIGN LOGO trademarks are solely associated with Plaintiffs and represents substantial good will.  The NUBY, SQUEEZE FEEDER and SQUEEZE FEEDER PRODUCT DESIGN LOGO trademarks and registrations are valuable assets of Plaintiffs.

47.     Defendants advertise, promote, market, distribute, display, offer for sale and sell throughout the United States including Louisiana and this Judicial District competing feeding spoons that are knock-off copies of Plaintiff LNC's feeding spoon.  The ordinary consumer, customer and potential purchaser cannot distinguish between Plaintiff LNC's feeding spoon and Defendants' knock-off copies.  The quality of Defendants' knock-off copies is inferior to the quality of Plaintiff LNC's feeding spoon.

48.     Defendants, without authorization or consent from Plaintiffs, unlawfully use Plaintiffs' registered NUBY, SQUEEZE FEEDER and SQUEEZE FEEDER PRODUCT DESIGN

LOGO trademarks in connection with the advertising, promotion, marketing, distribution, display, offering for sale and sale of Defendants' knock-off copy feeding spoons.  Defendants embed the NUBY and SQUEEZE FEEDER trademarks in the computer metadata of their Amazon.com web stores.  The computer metadata serves as advertising, promotion, marketing, distribution and offers for sale for Defendants by attracting consumers, customers and potential purchasers to their web stores and the products they offer there including knock-off feeding spoons.  Consumers, customers and potential purchasers searching on the internet or on Amazon.com for feeding spoon products are displayed search results that include Defendants' knock-off feeding spoons. Defendants' knock-off feeding spoons are advertised, promoted, marketed, distributed, displayed, offered for sale and sold without any trademark or other indicia of origin.  Consumers, customers and potential purchasers viewing the displayed results that include Plaintiff LNC's feeding spoons in close proximity with Defendants' knock-off feeding spoons without any indicia of origin are likely to be confused into believing that Defendants' knock-off feeding spoons are in some way associated with the NUBY, SQUEEZE FEEDER and SQUEEZE FEEDER PRODUCT DESIGN LOGO trademarks and originate or are endorsed by Plaintiffs.  Defendants' unauthorized use of the NUBY, SQUEEZE FEEDER and SQUEEZE FEEDER PRODUCT DESIGN LOGO trademarks will likely cause confusion among consumers, customers and potential purchasers of feeding spoons as to the true source and origin of Defendants' feeding spoons, and will deceive consumers, customers and potential purchasers into the mistaken belief that when they buy Defendants' knock-off feeding spoons the are buying Plaintiff LNC's feeding spoons.

49.    As a result of Defendants' intentional conduct, Plaintiffs' valuable NUBY, SQUEEZE FEEDER and SQUEEZE FEEDER PRODUCT DESIGN LOGO trademarks have been and are being infringed to Plaintiffs' substantial harm and detriment.  Plaintiffs have lost

customers, profits and goodwill.  Plaintiffs' reputation has been tarnished and its NUBY, SQUEEZE FEEDER and SQUEEZE FEEDER PRODUCT DESIGN LOGO trademarks tarnished, diminished and diluted by Defendants' unlawful conduct.  Unless Defendants are restrained from using the NUBY, SQUEEZE FEEDER and SQUEEZE FEEDER PRODUCT DESIGN LOGO trademarks, Plaintiffs will continue to suffer injury.

### CLAIM IV – LOUISIANA LUPTA VIOLATION
### (LA. R.S. § 51:1401)

50.     Plaintiffs incorporate by reference, as if fully rewritten herein, the facts and allegations set forth in the foregoing and following paragraphs.

51.     Plaintiffs are the original creators, designers, users and owners of various trademarks registered in Louisiana and with the United States Patent and Trademark Office.  The registered trademarks include the marks NUBY, SQUEEZE FEEDER and SQUEEZE FEEDER PRODUCT DESIGN LOGO.  Plaintiffs use these trademarks in connection with the sale of high quality feeding spoons.  Consumers, customers and potential purchasers throughout the United States including Louisiana and this Judicial District have come to recognize these trademarks as signifying products and especially feeding spoons that originate from Plaintiffs.

52.     Defendants are direct competitors of Plaintiffs.  Defendants advertise, promote, market, distribute, display, offer for sale and sell competing feeding spoons that are knock-off copies of Plaintiff LNC's feeding spoon.  The ordinary consumer, customer and potential purchaser cannot distinguish between Plaintiff LNC's feeding spoon and Defendants' knock-off copies.  The quality of Defendants' knock-off copies is inferior to the quality of Plaintiff LNC's feeding spoon.

53.     Defendants, without authorization or consent from Plaintiffs, unlawfully and unfairly use Plaintiffs' trademarks in connection with the advertising, promotion, marketing,

distribution, display, offer for sale and sale of Defendants' knock-off copy feeding spoons. Defendants know that they have no authorization, permission or right to use Plaintiffs' trademarks. With the full knowledge of Plaintiffs' rights and in reckless disregard of those rights, Defendants intentionally embed Plaintiffs' trademarks in the computer metadata of Defendants' Amazon.com web stores. The computer metadata serves as advertising, promotion, marketing and offers for sale for Defendants by attracting consumers, customers and potential purchasers to their web stores and the products they offer there including knock-off feeding spoons. Consumers, customers and potential purchasers searching on the internet or on Amazon.com for feeding spoon products are displayed search results that include Defendants' knock-off feeding spoons. Defendants' knock-off feeding spoons are advertised, promoted, marketed, distributed, displayed, offered for sale and sold without any trademark or other indicia of origin. Consumers, customers and potential purchasers viewing the displayed results that include Plaintiff LNC's feeding spoons in close proximity with Defendants' knock-off feeding spoons without any indicia of origin are likely to be confused into believing that Defendants' knock-off feeding spoons are in some way associated with Plaintiffs and originate or are endorsed by Plaintiffs. Defendants' unauthorized use of the Plaintiffs' trademarks will likely cause confusion among consumers, customers and potential purchasers of feeding spoons as to the true source and origin of Defendants' feeding spoons, and will deceive consumers, customers and potential purchasers into the mistaken belief that when they buy Defendants' knock-off feeding spoons they are buying Plaintiff LNC's feeding spoons. Defendants' use of Plaintiffs' trademarks is intentional, fraudulent, deceitful, willful, deliberate, malicious and in bad faith. Defendants' improper and unfair acts are intended to harm Plaintiffs by diverting sales from Plaintiffs to Defendants and adversely affecting Plaintiffs' reputation. Defendants' improper and unfair acts are also intended to harm consumers, customers and

potential purchasers of feeding spoons by deceiving them into purchasing Defendants' feeding spoons instead of Plaintiff LNC's feeding spoons.  Defendants' unlawful and unfair acts are undertaken in support of a scheme to unfairly compete with Plaintiffs and are unethical, oppressive, unscrupulous, and substantially injurious to both consumers and Plaintiffs.  As a result of Defendants' intentional and unfair conduct, Plaintiffs have lost customers, profits and goodwill. Plaintiffs' reputation has been tarnished, diminished and diluted.  Defendants' unlawful acts will continue unless enjoined by this Court.

54.     Plaintiffs have no adequate remedy at law to address these injuries.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor against Defendants and grant the following relief:

A.     For judgment that Defendants have violated Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); have violated La. R.S. §§ 51:222 and have violated La. R.S. §§ 51:1401, et seq.;

B.     For judgment awarding actual and punitive damages to Plaintiffs as proven at trial of this action in accordance with 15 U.S.C. § 1117; La. R.S. § 51:223 and La. R.S. § 51:1409, together with prejudgment and post-judgment interest and costs;

C.     For judgment awarding equitable relief including, but not limited to, entry of a permanent injunction enjoining Defendants and Defendants' officers, agents, servants, employees, representatives, successors, and assigns, and all others acting in concert or participation with them, from continued infringement of Plaintiffs' trademarks and from further acts of unfair competition;

E.     For an accounting of all Defendants' profits derived from their acts of unfair competition and infringing activities;

F.      For judgment that Defendants' trademark infringement and unfair competition is willful entitling Plaintiffs' to an increase in damages up to three times the amount found or assessed;

G.      For judgment awarding Plaintiffs their reasonable attorneys' fees, costs, and expenses incurred in this action; and

H.      For judgment awarding such other and further relief to which Plaintiffs are entitled or the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Respectfully submitted this 7th day of February, 2017.

By:  /s/ *Joe D. Guerriero*
Joe D. Guerriero
Louisiana State Bar No. 06391
E-Mail: joed@nuby.com
Robert M. Chiaviello, Jr.
Louisiana State Bar No. 37370
E-Mail: bobc@nuby.com
**LUV N' CARE, LTD.**
3030 Aurora Avenue
Monroe, LA  71201
Tel No.: (318) 338-3603
Fax No.: (318) 388-5892

*Counsel for Plaintiffs, Luv n' care, Ltd.
and Admar International, Inc.*