# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| LUV N' CARE, LTD., ET AL. | CIVIL ACTION NO. 17-0240 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ATZILOOSE, LLC, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion for Confirmation of Default [Doc. No. 19] filed by Plaintiffs Luv N' Care, Ltd. ("LNC"), and Admar International, Inc. ("Admar"). Plaintiffs seek confirmation of default and a final judgment ordering Defendant Bombino Express Pvt. Ltd. ("Bombino") to pay $10,000.00 for lost sales, attorneys' fees and costs, and the issuance of an injunction prohibiting Bombino and its agents, and those in active concert with them, from further infringement of Plaintiffs' intellectual property. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

## I. FACTS AND BACKGROUND

This is a case of intellectual property infringement. Since the 1980's, LNC has been in the business of designing and selling products for babies and young children. LNC's headquarters are in Monroe, Louisiana, where it conducts most of its business, maintains its corporate books and records, and where most of its employees, officers and directors are located. LNC's products are purchased and sold in Louisiana by independent retailers under various Louisiana registered trademarks including the mark NUBY, a distinctive symbol, which is registered with the Louisiana Secretary of State and the United States Patent and Trademark Office. LNC is a licensee of the

NUBY mark outside the State of Louisiana.

Bombino is a limited liability company organized under the State of New York. The company is headquartered in India, according to Plaintiffs, and copies successful products using lower quality materials and craftsmanship then sells them at lower prices.

Bombino has copied Plaintiffs' successful feeding spoon design, offered it for sale on Amazon.com using Plaintiffs' trademarks and has sold that product in the United States, shipping it from India via its U.S. office. Plaintiffs served Bombino at its New York office as evidenced by the Return of Service filed with the Court. Bombino has not answered or otherwise made an appearance.

On June 9, 2017, the Clerk of Court entered a default against Bombino. [Doc. No. 16].

On November 21, 2017, Plaintiffs filed the instant Motion for Confirmation of Default. [Doc. No. 19].

## II. LAW AND ANALYSIS

### A. Default Judgment

An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a).

After 14 days have elapsed since the Clerk's entry of default, under Local Rule 55, a party may move for entry of default judgment. Rule 55(b)(2) provides for the entry of a default judgment by the Court, rather than the Clerk of Court, when the plaintiff's claim is not a "sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1), (2).

### B. Lanham Act and State Law

Plaintiffs brought this civil action for trademark and unfair competition pursuant to Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); and LA. REV. STAT. 51:211, *et seq.*, and LA. REV. STAT. 51:1401, *et seq*. Bombino promoted, advertised, and offered for sale, over the internet on Amazon.com's website, a feeding spoon that is a virtual or "knock-off" copy of Plaintiffs' well-known and popular Squeeze Feeder feeding spoon.

#### 1. Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Trademark Laws of the United States and the assertion of the unfair competition claims are joined with a substantial and related claim under the Trademark Laws of the United States. Additionally, the Court has personal jurisdiction over Bombino because Plaintiffs' claims arise in whole or in part out of Bombino's purposeful and intentional conduct in Louisiana. Bombino is also subject to personal jurisdiction under the provisions of the Louisiana Long Arm Statute, LA. REV. STAT. 13:3204, because it has availed itself of the privilege of conducting and soliciting business within this State, including engaging in the infringing acts through the sales and marketing of infringing products in this State. Therefore, the Court's exercise of personal jurisdiction is consistent with the principles underlying the federal Constitution and would not offend traditional notions of fair play and substantial justice.

#### 2. Bombino's Offending Conduct

One of Plaintiffs' products is a feeding spoon marketed under the brand Squeeze Feeder. The Squeeze Feeder is a soft silicone bottle for holding baby food or cereal and adapted so that by squeezing the bottle a desired amount of baby food can pass through a hole in the spoon's neck and

onto the bowl of the spoon.

The trademark "Squeeze Feeder" is registered with the Louisiana Secretary of State and is entitled to the full benefits of LA. REV. STAT. § 51:211, *et. seq.* Plaintiffs are the owners of the Squeeze Feeder trademark. Since its introduction in 2009, Plaintiffs have sold more than a quarter of a million feeding spoons bearing the NUBY, Squeeze Feeder and product design logo trademarks. Plaintiffs' unique and distinctive Squeeze Feeder feeding spoon product design logo is also registered as a trademark with the Louisiana Secretary of State and is entitled to the full benefits of LA. REV. STAT. § 51:211, *et seq.*

Bombino has engaged in activities intentionally directed at consumers and potential customers who are residents of Louisiana in a willful, unlawful, and unfair campaign of using, without authorization or consent, NUBY and Squeeze Feeder trademarks and an imitation of LNC's registered unique and distinctive product design logo in connection with the sale, offer for sale and use of feeding spoons. Bombino's feeding spoon is a copy of Plaintiffs' Squeeze Feeder feeding spoon. Bombino's activities, intentionally directed at consumers and potential customers who are residents of Louisiana, including sales, offers for sale and use of Plaintiffs' NUBY and Squeeze Feeder trademarks and feeding spoons copying Plaintiffs' registered unique and distinctive product design logo are likely to cause confusion or mistake or to deceive consumers and potential purchasers as to the source of origin of such goods.

Bombino's advertisements in Louisiana of its copy of Plaintiffs' registered unique and distinctive product design logo is likely to cause a consumer to believe that he or she is being offered or shown a feeding spoon originating from LNC. Bombino embeds copies of Plaintiffs' registered NUBY and Squeeze Feeder trademarks in the metadata used to attract consumers and potential

customers to its web store on Amazon.com. Consumers and potential customers who search the web or Amazon.com for LNC's NUBY brand Squeeze Feeder feeding spoon are provided search results that also display Bombino's knock-off feeding spoon copy.

Bombino's activities directed at consumers and potential customers who are residents in the State of Louisiana constitute unfair methods of competition and unfair and/or deceptive acts or practices in the conduct of trade and commerce. Bombino's acts of unfair competition were and are willful, and Bombino has profited and will continue to profit from its improper and unlawful activities unless enjoined by this Court.

Additionally, as a result of Bombino's intentional conduct, Plaintiffs' NUBY trademark has been and is being infringed to Plaintiffs' harm and detriment. Bombino's actions demonstrate and are consistent with an intentional, willful, malicious, and bad faith intent to trade on the goodwill associated with NUBY.

Further, the ordinary consumer and potential purchaser cannot distinguish between Plaintiffs' feeding spoon and Bombino's knock-off copy. The quality of Bombino's knock-off copy is inferior to the quality of Plaintiffs' feeding spoon. Bombino's unlawful conduct tarnished Plaintiffs' reputations and diluted their Squeeze Feeder trademark.

Finally, Plaintiffs are the original creators, designers, and owners of a non-functional product configuration logo widely used by Plaintiffs throughout the United States to identify their feeding spoons. Plaintiffs acquired their rights in the product configuration logo prior to the acts of Bombino described above and have used the logo for many years. The product configuration logo exclusively identifies Plaintiffs' feeding spoon, is solely associated with Plaintiffs, and represents substantial good will associated with Plaintiffs. As a result of promotional and advertising activities together

with the substantial sales of feeding spoons constituting the product configuration logo, Plaintiffs' product configuration logo has acquired secondary meaning in the marketplace as consumers and potential purchasers have come to recognize the product configuration logo mark as a well-known indicator of high-quality feeding spoons. Bombino's actions, however, are likely to confuse consumers into believing that its knock-off feeding spoons are in some way associated with Plaintiffs. Thus, Plaintiffs' product configuration logo trademark has been and is being infringed to Plaintiffs' harm and detriment.

## III. REQUESTED RELIEF

Having found that Bombino violated the cited federal and state statutes, the Court now turns to Plaintiffs' prayer for relief. The Court finds that Plaintiffs are entitled to entry of a permanent injunction to prevent further violations by Bombino. Likewise, they can recover reasonable attorney's fees, costs, and expenses, to the extent proven. However, Plaintiffs have cited the Court to no evidence to support an award of damages. Although the Court may award damages without conducting an evidentiary hearing, there must be some admissible evidence in the record to support a damages award. Counsel's arguments are not evidence. Therefore, no damages will be awarded.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Confirmation of Default. [Doc. No. 19] is GRANTED IN PART and DENIED IN PART. Bombino has violated Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), has violated LA. REV. STAT. §§ 51:222, and has violated LA. REV. STAT. §§ 51:1401, *et seq*. To the extent that Plaintiffs move for an injunction and attorneys' fees, costs, and expenses, the motion is GRANTED. Bombino; its officers, agents, servants, employees, representatives, successors, and assigns; and all others acting in concert or

participation with them, are permanently enjoined from continued infringement of Plaintiffs' trademarks and from further acts of unfair competition. Additionally, Plaintiffs are awarded reasonable attorneys' fees, costs, and expenses incurred in this action, to be determined after the submission of the appropriate evidence. However, to the extent that Plaintiffs seek damages and enhanced damages, their motion is DENIED for lack of evidence.

MONROE, LOUISIANA, this 29th day of November, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE